UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80660-CIV-HURLEY

OWEN CULPEPPER et al.,
    plaintiffs,

vs.

MR. ROOTER OF LEE COUNTY, INC.,
    defendant.
_____/

## MEMORANDUM OPINION

**THIS CAUSE** came before the court for bench trial upon a delinquent contributions collection action brought pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 1145. The plaintiffs, trustees and fiduciaries of the Plumbers and Pipefitters Local Union No. 630 Fringe Benefit Trust Funds ("the Funds"), claim that the defendant employer owes in excess of $300,000.00 in delinquent contributions, liquidated damages and interest for payroll periods between June 12, 2005 and June 30, 2006 pursuant to a collective bargaining agreement entered into between the defendant employer, Mr. Rooter of Lee County, Inc. ("Mr. Rooter"), and the Plumbers and Pipefitters Local Union No. 630.

Mr. Rooter contests the claim, contending that the auditor's report on which the plaintiff Funds relies is flawed because the auditor's calculations improperly included hours worked by persons who were not covered by the Agreement, hours spent by persons who were not employed by Mr. Rooter, and a significant number of "unreported" hours erroneously attributed to certain covered employees who were paid bonuses on top of their hourly wages, all leading to significant overstatement of Mr. Rooter's liability for contributions.

1

For reasons announced at the conclusion of trial, as further detailed and memorialized in the following findings of fact and conclusions of law, the court has determined that plaintiff is not entitled to recovery of any contributions and that judgment shall accordingly enter in favor of the defendant.

## JURISDICTION

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## FINDINGS OF FACT & CONCLUSIONS OF LAW

1. The Plaintiffs are trustees and fiduciaries of the Plumbers and Pipefitters Local Union No. 630 Fringe Benefit Trust Funds, et al. ("the Funds"), which are "employee benefit plans" and "multi-employer plans" as defined by ERISA, 29 U.S.C. §§1002(3) and (37).

2. The Plumbers and Pipefitters Local Union No. 630 is a labor union and employee organization within the meaning of Section 3(4) of ERISA.

3. The defendant Mr. Rooter of Lee County, Inc. ("Mr. Rooter") is a Florida corporation and "employer" within the meaning of ERISA. The defendant is engaged in the business of providing plumbing services, primarily directed toward the repair and replacement of existing plumbing equipment and fixtures.

4. George Scott Garner, the President and owner of Mr. Rooter, is a fifth generation union plumber who initiated contact with the union in May 2005 in an effort to infuse skilled labor into his already existing, unskilled labor force.

5. On July 14, 2005, Mr. Rooter entered into a collective bargaining agreement with the Plumbers and Pipefitters Local Union No. 630 ("the Agreement"). The Agreement applies to all employees of the Mr. Rooter doing work as "pre apprentices....helpers, apprentices,

journeyman.....within the trade.....jurisdiction described in this Agreement " At Article 8( B), the Agreement defines the "trade jurisdiction" as all recognized work performed by plumbers.

6. The Agreement requires the defendant to pay contributions to the Funds only for employees classified as "Journeymen" and "Apprentices" [ $6.36 per hour worked for Journeymen, and $4.21 per hour worked for Apprentices].

7. The Agreement does not require the defendant to pay contributions for employees classified as pre-apprentices.

8. Pre-apprentices are permitted to perform the work of a journeyman or apprentice pursuant to the Agreement provided that they are supervised by a journeyman. Section 8(J) of the Agreement states: "Helpers, Apprentice Applicant or Pre-Apprentice, will have unlimited abilities and can perform all work in all classifications <u>as long as they are supervised by a Journeyman</u>." (emphasis added).

Plaintiff contends that "supervision" requires the constant physical presence of a journeyman at the job site.  Defendant, on the other hand, suggests a more flexible interpretation involving telephonic communication between a journeyman and the on-site worker coupled with periodic inspections of the work in progress and a final on-site review by a journeyman.

The plain meaning of the word supervise – "to oversee or direct work, workers or a project"– is consistent with the defendant's interpretation. Moreover, the parties' printed contract, bearing the union's logo, obviously was drafted by the union and had  it desired a more restrictive definition to apply, it could have added the appropriate limitations.

9. Based upon the  testimony of Mr. Garner and Mr. Matthew Leatherwood, a former employee of Mr. Rooter, which the court accepts as credible and  truthful, the court concludes that

the defendant's employees – with the exception of those agreed upon by the parties as skilled laborers – were properly classified as pre-apprentices and that the pre- apprentices were properly supervised by a journeyman while performing plumbing work covered within the trade jurisdiction of the Agreement.

10. As for employees classified as journeymen or apprentices, the Agreement requires the defendant to pay contributions for hours worked and does not require the defendant to pay contributions for meritorious commissions.

11. No employee classified as a journeyman or apprentice testified that he or she worked hours for defendant for which contributions had not been paid.

12. Although the plaintiff's accountant, Gustablo Riviera, testified that defendant was delinquent in making required contributions for covered employees, the court finds Mr. Riviera's calculations to be based on inaccurate data supplied by the Funds and the Funds' counsel. Specifically, in performing his audit, Mr. Riviera was erroneously instructed to classify all employees as journeymen and apprentices, and to include all income paid to the defendant's employees in calculating the number of hours worked by each category of covered employee.

13. It was error to classify all employees, including the pre-apprentices, in making the calculations because the pre-apprentices were supervised by journeymen at all material times and their hours were not properly subject to contributions under the Agreement. It was also error to include all income paid to Mr. Rooter employees in deriving the number of base number of hours subject to contributions because Mr. Rooter voluntarily paid merit based "bonus" commissions or income to a number of its employees – income which was based on the number of hours expended by them.

14. Mr. Riviera, following the Funds' instructions, erroneously included this merit based "bonus" income as additional hours worked by defendant's employees when calculating the alleged delinquent contributions, resulting in an over-reporting of hours alleged to be subject to contributions.

15. These false premises for Mr. Riviera's calculations explain the variances between the number of hours which Mr. Rooter reported to the Funds for contributions and the amount of hours which the Funds claimed as the basis for required contributions.

16. There is no competent evidence showing that the defendant failed to pay contributions for hours worked by an employee properly classified as a journeyman or apprentice.

17. The court finds that defendant paid all contributions due for employees classified as journeymen and apprentices, and that Mr. Rooter owes no further contributions to the Funds for such employees.

## CONCLUSION

Finding no delinquency in contributions owed by the defendant, the court shall enter judgment in favor of the defendant and against the plaintiff shall by separate order of the court. Jurisdiction is reserved to determine the amount of costs taxable in favor of the defendant, as well as the issue of the defendant's entitlement to a reasonable attorneys' fee.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 22ND day of August, 2007.

_____
Daniel T. K. Hurley
United States District Judge

cc. All counsel

For updated court information, visit unofficial Web site at http://us.geocities.com/uscts